IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Louetta Goodin, | ) | Civil Action No.: 9:13-1026-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Louetta Goodin, ("Plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claim for Supplemental Security Income ("SSI") under the Social Security Act.  In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a), D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling.  On May 16, 2014, the Magistrate Judge issued a Report and Recommendation, ("Report"), concluding that the findings of the Administrative Law Judge, ("ALJ"), were supported by substantial evidence and recommending that the decision of the Commissioner be affirmed. (ECF No. 19).  Plaintiff filed an Objection to the Report on May 30, 2014, (ECF No. 21), to which the Commissioner replied on June 16, 2014.  (ECF No. 22).  The matter is now ripe for decision.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and, in particular, Plaintiff's Objection. In the Objection, Plaintiff maintains that portions of the Magistrate Judge's summary of the record -- such as the Magistrate Judge's noting that Plaintiff's treating physician, Dr. Daniels, suggested to her that she apply for disability on the first day that he met and examined her -- reflect a bias against Plaintiff. (ECF No. 21 at p. 2). However, as the Commissioner points out in her Reply, each of the complained of "comments" of the Magistrate Judge are tied to specific evidence in the record, and Plaintiff ultimately fails to establish that these characterizations reflect an actual bias, amount to an improper *de novo* review of the facts of the case, or otherwise constitute error by the Magistrate Judge. (ECF No. 22).

Additionally, the Court concludes that the Magistrate Judge correctly found that substantial evidence supports the ALJ's analysis, including the ALJ's weighing of the various medical opinions offered, the resulting determination of Plaintiff's residual functional capacity (RFC), and the determination that Plaintiff does not suffer from a severe lung impairment. The Court does not find, as urged by the Plaintiff in her Objection, that the ALJ drew any improper, adverse inference based upon Plaintiff's failure to seek treatment over and above that which was sought and set out in the record. As the Magistrate Judge notes on this point, the ALJ's decision reflects a focus, not on Plaintiff's failure to seek additional treatment or on a corresponding lack of medical records, but rather on the treatment records that were available for review and on what those records did and did

not show.  (ECF No. 19 at p. 20).

In sum, after a thorough review of the record and the facts of the instant case, the Court concurs in the recommendation of the Magistrate Judge.  It is hereby **ORDERED** that the Magistrate Judge's Report is accepted and incorporated herein by reference, (ECF No. 19), that Plaintiff's Objection is overruled, (ECF No. 21), and that the decision of the Commissioner is **AFFIRMED.**

**IT IS SO ORDERED**.

<u>s/Mary G. Lewis</u>
United States District Judge

June 25, 2014
Spartanburg, South Carolina